IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICE ANDRE FLUKER,

        Plaintiff,

   v.

AGENT TUCKER, et al.,

        Defendants.

_____/

No. C 10-5355 CW (PR)

ORDER OF DISMISSAL WITH
LEAVE TO AMEND

## INTRODUCTION

On November 10, 2010, Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations stemming from his incarceration at the Contra Costa County Marsh Creek Detention Facility (MCDF).

His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at MCDF, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: California Department of Corrections and Rehabilitation (CDCR) Agents Tucker and Cruise, as well as Deputy Commissioner Star and the Governor of the State of California. Plaintiff alleges that Defendants were deliberately indifferent to his safety while he was being held at MCDF as a protective custody status inmate. He alleges that on June 14, 2010, "while in the direct custody of the [CDCR] [he] was brutally attacked by a group of general population

1  inmates at [MCDF]." (Compl. at 3.)  He suffered "substantial

2  injuries." (<u>Id.</u> at 3.)  He seeks monetary damages and also for

3  the "remainder of [his] supervised parole period to be

4  terminated." (<u>Id.</u> at 3-4.)

5                          DISCUSSION

6  I.  Standard of Review

7      A federal court must conduct a preliminary screening in any

8  case in which a prisoner seeks redress from a governmental entity

9  or officer or employee of a governmental entity.  28 U.S.C.

10 § 1915A(a).  In its review, the court must identify any cognizable

11 claims and dismiss any claims that are frivolous, malicious, fail

12 to state a claim upon which relief may be granted or seek monetary

13 relief from a defendant who is immune from such relief.  <u>Id.</u>

14 § 1915A(b)(1), (2).  <u>Pro se</u> pleadings must be liberally construed.

15 <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

16 1988).

17     To state a claim under 42 U.S.C. § 1983, a plaintiff must

18 allege two essential elements: (1) that a right secured by the

19 Constitution or laws of the United States was violated, and

20 (2) that the alleged violation was committed by a person acting

21 under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48

22 (1988).

23 II.  Deliberate Indifference to Safety

24     The Eighth Amendment's prohibition of cruel and unusual

25 punishment requires that prison officials take reasonable measures

26 for the safety of inmates.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825,

27 834 (1994).  In particular, officials have a duty to protect

28 inmates from violence at the hands of other inmates.  <u>See</u> <u>id.</u> at

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

833.  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834.

Plaintiff attempts to state a claim against Defendants for deliberate indifference to his safety stemming from the incident on June 14, 2010.  Such a claim is cognizable under § 1983.  See id. at 832.  As plead, however, his claim cannot go forward.

While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions, see Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976); Fisher v. Flynn, 598 F.2d 663, 665 (1st Cir. 1979).  A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Moreover, liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  See id. at 633.  A defendant cannot be held liable

United States District Court
For the Northern District of California

1  simply based on his membership in a group without showing his

2  individual participation in unlawful conduct.  <u>Chuman v. Wright</u>,

3  76 F.3d 292, 294 (9th Cir. 1996).

4      Here, Plaintiff has not identified with sufficient

5  specificity the actions of Defendants that rise to the level of

6  deliberate indifference.  In support of his claim Plaintiff says

7  that he was "brutally" attacked by inmates at MCDF and that he

8  suffered "substantial" injuries.  (Compl. at 3.)  Standing alone,

9  however, these conclusory descriptions of what occurred do not put

10  the individual Defendants on notice of the alleged

11  unconstitutional conduct in which they engaged.  Plaintiff has

12  failed to allege basic facts regarding the alleged use of force,

13  such as the names of the inmates who attacked him, the location of

14  the use of force, the kind of force used, and the specific

15  injuries he sustained from the attack.  Moreover, Plaintiff names

16  Defendants Tucker, Cruise, Star and the Governor in the caption of

17  his complaint without making any specific allegations against them

18  in the body of the complaint.  Because some of these Defendants

19  are supervisors, Plaintiff may intend to assert claims against

20  them based on their subordinates' misconduct.  There is no

21  <u>respondeat superior</u> liability, however, under § 1983.  <u>Taylor v.</u>

22  <u>List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  That is, there is no

23  liability solely because one is responsible for the actions or

24  omissions of another.  <u>Id.</u>  A supervisor generally "is only liable

25  for constitutional violations of his subordinates if the

26  supervisor participated in or directed the violations, or knew of

27  the violations and failed to act to prevent them."  <u>Id.</u>

28      Because Plaintiff has failed to put the individual Defendants

4

United States District Court
For the Northern District of California

1  on notice of the alleged unconstitutional conduct in which they

2  engaged, his Eighth Amendment claim for deliberate indifference to

3  safety against these Defendants is DISMISSED with leave to amend.

4  Plaintiff may reassert his Eighth Amendment claim against them in

5  an amended complaint only if he can in good faith specifically

6  allege how they violated his federal rights.  Furthermore, in

7  amending his claim, the Court directs Plaintiff to add more

8  information regarding the alleged use of force against him, as

9  explained above.

10  III. Exhaustion

11     Another question which must be answered before Plaintiff can

12  proceed with any claims for monetary damages is whether he has

13  exhausted available administrative remedies with respect to his

14  claims.

15     The Prison Litigation Reform Act of 1995 (PLRA) amended 42

16  U.S.C. § 1997e to provide that "[n]o action shall be brought with

17  respect to prison conditions under [42 U.S.C. § 1983], or any

18  other Federal law, by a prisoner confined in any jail, prison, or

19  other correctional facility until such administrative remedies as

20  are available are exhausted." 42 U.S.C. § 1997e(a).  Under this

21  section, an action must be dismissed unless the prisoner exhausted

22  his available administrative remedies <u>before</u> he filed suit, even

23  if the prisoner fully exhausts while the suit is pending.  <u>See</u>

24  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he

25  PLRA's exhaustion requirement applies to all inmate suits about

26  prison life, whether they involve general circumstances or

27  particular episodes, and whether they allege excessive force or

28  some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

United States District Court
For the Northern District of California

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. See Porter, 534 U.S. at 525.

A prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. Id.

Plaintiff states that he "filed [his] initial appeal on 6-15-10 at Martinez County Jail" and that he "received no response." (Compl. at 2.) He also claims he "filed multiple appeals since to no avail." (Id.) Finally, he claims he "filed a government tort claim" in November 2010.

It thus appears from the face of the complaint that he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Therefore, his claims are subject to dismissal. If Plaintiff did exhaust his administrative remedies with respect to his claims before filing this action, he may amend his complaint to so allege, as set forth below. Otherwise, the action will be dismissed without prejudice to refiling after exhausting his administrative remedies. See McKinney, 311 F.3d at 1199-1201.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's Eighth Amendment claim for deliberate indifference to safety is DISMISSED with leave to amend.

2.   If Plaintiff did exhaust his administrative remedies with respect to his claims before filing this action, he may amend his complaint to so allege.  Otherwise, the action will be dismissed without prejudice to refiling after exhausting his administrative remedies.

3.   Within thirty (30) days from the date of this Order Plaintiff may file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- C 10-5355 CW (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.

The failure to file an amended complaint by the thirty-day deadline will result in the dismissal of this action without prejudice.

4.   The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED: 9/7/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PATRICE ANDRE FLUKER,

        Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS et al,

        Defendant.
_____/

Case Number: CV10-05355 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 7, 2011, I SERVED a true and correct copy(ies) of the attached and **a blank civil rights form**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patrice Andre Fluker F-92891
San Quentin State Prison
San Quentin,  CA 94974

Dated: September 7, 2011

                            Richard W. Wieking, Clerk
                            By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California